ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2007 MAY 21 PM 2:11
TX EASTERN-MARSHALL
BY_____

| | | |
|---|---|---|
| DONNA WEST | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2-07CV-200 |
| | § | |
| TYLER PERRY, INDIVIDUALLY and | § | |
| d/b/a TYLER PERRY COMPANY, | § | COPYRIGHT INFRINGEMENT, |
| TYLER PERRY COMPANY, INC. and | § | UNFAIR COMPETITION, |
| LIONS GATE ENTERTAINMENT, | § | COMMON LAW UNFAIR |
| INC., | § | COMPETITION, AND |
| | § | COPYRIGHT INFRINGEMENT, |
| Defendants. | § | UNFAIR COMPETITION, |
| | § | AND CONVERSION |
| | § | UNDER TEXAS LAW |
| | § | |
| | § | JURY TRIAL REQUESTED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Donna West ("West") brings this Original Complaint and Jury Demand and Application for Injunctive Relief against Defendants Tyler Perry, Tyler Perry, Inc., and Lions Gate Entertainment, Inc., (collectively, "Defendants") and in support thereof would respectfully show the Court as follows:

I.
PARTIES

1. Plaintiff Donna West is an individual residing within the State of Texas.

2. Defendant Tyler Perry ("Tyler Perry"), an individual who, upon information and belief, is a citizen of the State of Georgia can be served with process at 637 Hoke Street, Atlanta, Georgia 30318.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND – Page 1

3.  Defendant Tyler Perry, Inc. ("Tyler Perry Company") is a Foreign Business Corporation incorporated under the laws of the State of Georgia. Tyler Perry Company has its principal place of business at 637 Hoke Street, Atlanta, Georgia 30318. Tyler Perry Company does not have a registered agent for service in the State of Texas. Service of Process may be made upon Tyler Perry Company by serving its registered agent, My Corporation Business Services, Inc., 26520 Agoura Road, Calabasas, CA 91302.

4.  Defendant Lions Gate Entertainment, Inc. ("Lions Gate") is a Foreign Business Corporation incorporated under the laws of the State of California. Lions Gate has its principal place of business at 2700 Colorado Ave, Santa Monica, CA 90404. Lions Gate does not have a registered agent for service in the State of Texas. Service of Process of the Original Complaint can be made by serving its registered agent Wayne Levin, 4520 El Caballero Drive, Tarzana, CA 91356.

## II.
## JURISDICTION AND VENUE

5.  This action is for copyright infringement and unfair competition arising under the Copyright Act, 17 U.S.C. §101 *et seq.* and under the state and common laws of the State of Texas. This Court has federal question jurisdiction over Counts 1-2 and 5-7 pursuant to 28 U.S.C. §§1331, 1338, and 1400 because these Counts arise under the Copyright Act and relate to copyrights.

6. This Court has supplemental jurisdiction over Counts 3-4 pursuant to 28 U.S.C. §1367 because they arise under Texas law, derive from a common nucleus of operative facts and are so related to the other claims in the action that they form part of the same case or controversy.

7. This Court also has pendent jurisdiction over Counts 3-4 pursuant to 28 U.S.C. §1338(b) to the extent these counts assert a claim for unfair competition joined with a substantial and related claim under the copyright laws of the United States.

8. Personal jurisdiction and venue are proper in this district under 28 U.S.C. §1391 because this is a judicial District in which Defendants have committed and continue to commit tortious acts.

## III.
## CONDITIONS PRECEDENT

9. All conditions precedent has been performed, waived, or have occurred.

## IV.
## FACTS COMMON TO ALL CLAIMS

### A. Identification of Copyright

10. In or about November 1990, Plaintiff created an original script entitled **"Fantasy of A Black Woman."**

11. This script contains a large amount of material wholly original with Plaintiff and is copyrightable subject matter under the laws of the United States.

12. In or about July 1991, Plaintiff performed the script in a play in Dallas, Texas.

13. Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. §101 et seq., and with all other laws governing copyrights. She received from the Register of Copyrights a certificate of registration, dated and identified as follows: March 20, 2006, Musical Play, Registration Number PA-1-335-776. Since October 1990, Plaintiff has been the sole proprietor of all rights, title, and interest in and to the copyright on the musical play.

### B. Defendants' Conduct

14. Beginning in or about February 2005, Defendants began publishing and placing on the market a film titled **"Diary of a Mad Black Woman,"** which was copied largely from Plaintiff's copyrighted script. The film included such actors as Kimberly Elise, Shemar Moore, Cicely Tyson, Steve Harris, and Defendant Tyler Perry himself.

15. Also in or about February 2005, Defendant Lions Gate participated in funding, releasing and distributing the film, Diary of a Mad Black Woman, in the United States.

16. Defendant Tyler Perry Company continues to sell videos and movie DVD's of Diary of a Mad Black Woman by the use of a mail order form and a website at http://www.tylerperry.com.

# V.
# CAUSES OF ACTION

## Count 1:
## COPYRIGHT INFRINGEMENT

17. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

18. This count arises under the Copyright Act, 17 U.S.C. §101 *et seq.*)(the "Copyright Act").

19. Since 1990, Plaintiff has owned all rights to her copyrighted work, complied with the requirements of the Copyright Act, and never authorized Defendants to use any form of her work.

20. Plaintiff has attached a copy of her copyrighted material as Exhibit "A", and a copy of Defendants' infringing material as Exhibit "B."

21. Defendants' acts of publishing, performing, and placing on the market a film and related videos/dvd's containing work that was copied largely from Plaintiff's copyrighted material constitutes infringement of Plaintiff's copyrighted material.

22. At all relevant times, Defendants have engaged and continue to engage in the business of knowingly and systematically participating in, facilitating, materially contributing to, and encouraging the above-described unauthorized reproductions, performances and distributions of the copyrighted work and thus infringement of Plaintiff's copyright and exclusive rights under copyright.

23. At all relevant times, Defendants have derived substantial financial benefit from the infringement of Plaintiff's copyrighted work. Defendants have displayed, or caused to be displayed, the movie, Diary of a Mad Black Woman, in movie theaters, in hotel rooms, on airline flights, and have rented and sold dvd's that contain the infringing work.

24. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

25. Plaintiff has notified Defendants that Defendants have infringed her copyrighted work, but Defendants have continued to infringe Plaintiff's duly earned copyright.

## Count 2:
## UNFAIR COMPETITION

26. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

27. Without authorization or consent, Defendants have deliberately and intentionally used Plaintiff's copyrighted work in commerce in connection with the manufacturing, advertising, promotion, distribution, sale and offering for sale of products that are directly competitive with products marketed by Plaintiff.

28. Defendants' use of Plaintiff's work constitutes a false designation of origin and/or a false description or representation tending falsely to describe and represent the source and characteristics of Defendants' products, which

products Defendants have caused to enter into, be transported in and used in interstate commerce.

29. As a result of the foregoing acts, Defendants have engaged in willful violations of Plaintiff's rights. Such actions constitute unfair trade practices and unfair competition for which Defendants are liable for enhanced damages. Defendants' acts have also caused, and will continue to cause, irreparable injury to Plaintiff and the public unless this Court restrains Defendants.

30. Plaintiff has no adequate remedy at law.

### Count 3: TEXAS COMMON LAW UNFAIR COMPETITION AND COPYRIGHT INFRINGEMENT

31. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

32. This is a claim for copyright infringement and unfair competition under the laws of the State of Texas, separately made and joined with a substantial and related claim under the Copyright Laws of the United States.

33. Plaintiff created her script through extensive time, labor, skill, and money.

34. Defendants' conduct and acts have violated general principles of law and equity, constitute copyright infringement and unfair competition under the laws of the State of Texas and have damaged Plaintiff's valuable intellectual

property rights. Such conduct and acts have caused irreparable injury to Plaintiff and will continue to cause such injury unless enjoined by this Court.

35. Defendants' use of their products in competition with the Plaintiff unfairly gave the Defendants a special advantage in competition between the two because Defendants were burdened with little or none of the expense incurred by the Plaintiff in developing the copyrighted work. Such acts also constitute an attempt to unfairly trade on Plaintiff's property as well as a misappropriation of Plaintiff's business opportunity.

36. Defendants have unfairly competed with Plaintiff by the acts complained of, have done so intentionally, and have caused, and unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage, and injury to Plaintiff.

37. As a result of Defendants' wrongful conduct and actions described above, Defendants have been unjustly enriched.

### Count 4:
### CONVERSION

38. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

39. By taking Plaintiff's copyrighted work and using it, without permission, for their economic advantage, Defendants have wrongfully exercised dominion and control over Plaintiff's personal property, to her exclusion and inconsistent with her property rights.

## Count 5:
## VICARIOUS INFRINGEMENT

40. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

41. Upon information and belief, each of the individual Defendants should be held vicariously liable for the infringement since each has a direct financial interest in the infringing activities, and each has the right and ability to supervise the activity which caused, and continues to cause, the infringement.

## Count 6:
## DAMAGES

42. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

43. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered, and will continue to suffer until relief is had, the following:

    a. Actual damages;

    b. Lost profits;

    c. Loss of Defendants' profits;

    d. Statutory damages; and

    e. Statutory damages for willful infringement.

## Count 7:
## ATTORNEYS' FEES

44. Plaintiff reiterates and adopts each and every allegation of the aforementioned paragraphs as if set forth herein verbatim.

45. As a result of Defendants' actions, Plaintiff is entitled to an award of attorneys' fees and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. Defendants pay Plaintiff for actual damages, plus the amount of Defendants' profits attributable to the infringement, or in the alternative, Defendants pay Plaintiff statutory damages, as authorized by 17 U.S.C. §504(c);

   b. Defendants pay Plaintiff prejudgment and post judgment interest, as authorized by law;

   c. Defendants pay Plaintiff her reasonable attorney fees and costs of court;

   d. Defendants and their agents and representatives be enjoined during this action and permanently from infringing Plaintiff's copyright in any manner and from publishing, selling, marketing, or otherwise disposing of any copies of the infringing material;

   e. Defendants deliver to be impounded during this action all print, video, audio and electronic copies of the infringing work in their possession or control and deliver for destruction all infringing copies and all plates, molds, electronic files, and other matter for making infringing copies;

   f. Defendants pay Plaintiff additional damages for willfully infringing Plaintiff's copyright, as authorized by 17 U.S.C. §504(c)(2); and

   g. Plaintiff has all other relief the court deems appropriate.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: May 21, 2007.

Respectfully submitted,

*[signature]*

Aubrey "Nick" Pittman
Texas Bar Number 16049750

**THE PITTMAN LAW FIRM, P.C.**
100 Crescent Court, Suite 700
Dallas, Texas 75201-2112
214-459-3454 -- office
214-853-5912 -- fax

and

*[signature]*

Joe Kendall
Texas Bar Number 11260700
Willie Briscoe
Texas Bar Number 24001788
Hamilton Lindley
Texas Bar Number 24044838

**PROVOST UMPHREY LAW FIRM, LLP**
3232 McKinney Avenue, Suite 700
Dallas, TX 75204
214-744-3000 (office)
214-744-3015 (fax)

**ATTORNEYS FOR PLAINTIFF
DONNA WEST**