IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DONNA WEST | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:07CV200 |
| | § | |
| TYLER PERRY, d/b/a TYLER PERRY COMPANY, et al. | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Donna West's ("West") motions in limine regarding the registration date of West's copyright and Defendants Tyler Perry, Tyler Perry Company, Inc., and Lions Gate Entertainment, Inc.'s (collectively "Perry/Lions Gate") intellectual property registrations (Docket No. 100). After considering the briefs and conferring with the parties, this Court **GRANTS** in part as to the registration date of West's copyright and **GRANTS** as to Perry/Lions Gate's intellectual property registrations.

**BACKGROUND**

On May 21, 2007, West brought an action for federal and state copyright infringement, violations of federal and state unfair competition laws, and conversion against Perry/Lions Gate (Docket No. 1). The action is based on West's script, *Fantasy of a Black Woman*. West has a registered copyright on *Fantasy of a Black Woman* with an effective registration date of March 20, 2006. West alleges that Perry/Lions Gate misused her work in producing and distributing the film *Diary of a Mad Black Woman* (Docket No. 1). Perry/Lions Gate's defenses include lack of

1

protectable expression, independent creation, *de minimis* use, the First Amendment, and untimely registration of West's copyright (Docket Nos. 10, 11). West filed the motions in limine at issue and supporting brief (Docket No. 105), and Perry/Lions Gate opposes these motions (Docket No. 109).

## APPLICABLE LAW

*Federal Rules of Evidence 401 and 403*

Evidence must be relevant in order to be admissible. *See* FED. R. EVID. 401. "The standard for relevance is a liberal one." *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 357 (5th Cir. 1995). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *Kelly*, 61 F.3d at 357. Even if evidence is relevant, it may still be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403." *Sprint/United Mgmt. Co. v. Mendelsohn*, 128 S. Ct. 1140, 1145 (2008) (citing *United States v. Abel*, 469 U.S. 45, 54 (1984)). "This is particularly true with respect to Rule 403 since it requires an 'on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant.'" *Sprint*, 128 S. Ct. at 1145; *see Old Chief v. United States*, 519 U.S. 172, 183 n.7 (1997).

*Copyright Registration*

A copyright owner may choose to register her copyright, but registration is not required to establish copyright protection. *See* 17 U.S.C. § 408(a) (2000). However, "no civil action for infringement of [a] copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).

Also, an owner must register her copyright to receive the benefits of registration, which include "prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee,* 379 F.3d 131, 141 (5th Cir. 2004); *see* 17 U.S.C. § 410(c). Registration must be timely to establish such prima facie evidence. *Gen. Universal,* 379 F.3d at 141. A registration is timely if made "within five years of [a] work's first publication. If the copyright is registered after the five-year period, the [C]ourt may give as much weight to the copyright registration as it desires." *Berg v. Symons*, 393 F. Supp. 2d 525, 539 (S.D. Tex. 2005); *see* 17 U.S.C. § 410.

Registration may also allow for statutory remedies and attorneys' fees if it is timely. *See* 17 U.S.C. § 412. Registration is timely in this regard if a copyright "has been preregistered . . . before the commencement of the infringement and . . . has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement." 17 U.S.C. § 412.

## ANALYSIS

There is no disagreement between West and Perry/Lyons Gate that West has a copyright registration under U.S. law. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331.

The issue before the Court on West's motion in limine is whether Perry/Lyons Gate should be precluded from referencing the effective registration date of West's copyright registration, March 20, 2006. If West offers her copyright registration into evidence, it will be admitted in its entirety, including the registration date. To do otherwise would allow West to argue the benefits of a registration certificate without allowing Perry/Lyons Gate to argue the negative implications of the registration date.

However, if West does not offer her copyright registration into evidence, the registration date has little relevance. The issues the jury will decide relate to whether Perry/Lyons Gate copied protectable aspects of West's work and whether defenses to infringement like lack of protectable expression apply. West did not register her copyright before the time of alleged infringement. West performed her play in 1991. Pl.'s Resp. to Defs.' Mot. for Summ. J. 5. Perry claims he wrote *Diary of a Mad Black Woman* in or about 2000. Pl.'s Resp. to Defs.' Mot. for Summ. J. 6. West claims Perry potentially had access to her play during 1991 to the time Perry claims he wrote *Diary of a Mad Black Woman*. Pl.'s Resp. to Defs.' Mot. for Summ. J. 5-6, 14-19. Thus any copying that occurred took place well before West registered her play on March 20, 2006. Therefore, the timeliness of the registration and the registration date are not probative of whether any copying occurred. Under these circumstances, allowing use of the registration date would be confusing to the jury, and the motion in limine is granted in this respect.

As to Perry/Lyons Gate's intellectual property registrations, such registrations are of little relevance. This case is about copyright infringement only of West's *Fantasy of a Black Woman*. Thus, the registrations of other works will not be probative of any issue in this case. Also, introducing such registrations would confuse the jury about why Perry/Lyons Gate would use

4

copyright registrations in its defense against infringement when the benefits of registration relate only to use in a plaintiff's case. The motion in limine is thus granted.

## CONCLUSION

Under the Federal Rules of Evidence 401 and 403 and considered in view of copyright law and the facts of this case, the Court **GRANTS** the motion in limine in part as to the registration date of West's copyright and **GRANTS** as to Perry/Lions Gate's intellectual property registrations. However, these are only rulings on motions in limine and not evidentiary determinations. The parties may approach the bench if they would like the Court to consider allowing the evidence.

**So ORDERED and SIGNED this 25th day of November, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**