IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DONNA WEST, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | §     CASE NO. 2:07CV200 |
| | § |
| TYLER PERRY, INDIVIDUALLY and | § |
| d/b/a TYLER PERRY COMPANY, | § |
| TYLER PERRY COMPANY, INC. and | § |
| LIONS GATE ENTERTAINMENT, INC. | § |
| | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Tyer Perry, Tyler Perry Company, Tyler Perry Company, Inc., and Lions Gate Entertainment, Inc.'s ("Defendants") Joint Disagreed Bill of Costs (Docket No. 181). For the foregoing reasons, the Court **GRANTS** the motion in part and **DENIES** in part.

**BACKGROUND**

A jury returned a verdict in favor of Defendants finding that Defendants did not infringe Donna West's ("West") copyright in *Fantasy of a Black Woman*. The Court entered final judgment. Docket No. 176. The parties filed this Joint Disagreed Bill of Costs.

**APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as matter of course, unless the Court directs otherwise. However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under

1

Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law.

The statute permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 . . .; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828. . . .

28 U.S.C. § 1920. A district court is permitted to decline to award costs listed in the statute, but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42.

**Fees of the court reporter**

28 U.S.C. § 1920(2) authorizes recovery for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." The trial court has great discretion to tax the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *Nissho-Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984). Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. *Fogleman*, 920 F.2d at 285–86 (citations omitted). The district court is accorded great latitude in this determination. *Id.* at 286.

Costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion. The costs of a deposition are allowed "if the taking of the deposition is shown to have been reasonably necessary in the light of the facts known to counsel at the time it was taken." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982), *modified on other grounds en banc*, 701 F.2d 542 (5th Cir. 1983), *overruled on other grounds in Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986)*; see also Stearns Airport Equip. Co., v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

Under Fifth Circuit precedent, since § 1920 makes no provision for videotapes of depositions, recovery of such without prior authorization from the court is not allowed. *See Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004) (citing *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001)).

In addition, incidental costs associated with depositions, such as the cost of expedited delivery charges, ASCII disks, and parking, are generally not recoverable. *See Harris Corp. v. Sanyo N. Am. Corp.*, 2002 WL 356755, at *3 (N.D. Tex. March 4, 2002); *Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881 at *3 (W.D. Tex. 2005).

**Fees for exemplification and copies of papers necessarily obtained for use in the case**

Costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman,* 920 F.2d at 286. However, it must demonstrate some connection between the costs incurred and the litigation. *Id.* Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable. *Id.*

# ANALYSIS

Defendants request recovery in the following categories:

**1. Fees for printed or electronically recorded transcripts**

Defendants request $29,929.85 for transcript fees necessarily obtained for use in this case. Defendants argue that they do not seek reimbursement for any fees charged for expedited copies, incidental charges, videotapes of depositions, or color copy charges for exhibits. Defendants also assert that their rate of $1.53 per page of transcript plus $0.30 per page of exhibits for depositions that West noticed and $4.60 per page of transcript plus $0.30 per page of exhibits for depositions that Defendants noticed is pursuant to the court reporter's charges.

First, West objects to the shared "expedited" cost for the Curtis King deposition. West asserts that she noticed the deposition and paid the full cost of the transcript. West argues that Curtis King's deposition occurred well in advance of trial on July 10, 2008 and thus the parties did not require expedited service.

Defendants assert that they do not seek costs for expedited copies. However, Casterline Reporting Services, Inc. charged for expedited service on the copy of the Curtis King deposition. *See* Invoice for Curtis King Deposition Copy, Ex. B at 8. In light of Defendants' statement that they would not seek reimbursement for any fees charged for expedited copies, Defendants should not charge West any amount of the cost of the Curtis King deposition attributable to expedited service. Defendants must determine the part of their claimed $243.57 that is attributable to expedited service and accordingly deduct that part from the $243.57. West must pay the resultant amount.

Second, West objects to the costs of all original depositions of the Defendants, the Defendants' employees and agents, and expert witnesses on the ground that Defendants did not

necessarily obtain these original depositions for use in the case. West also objects to all mini-transcripts and electronic copies of those depositions. West does not object to costs for these deposition copies.

Defendants respond that they seek reimbursement only for copies of depositions of the Defendants, Defendants' employees and agents, and expert witnesses. Defendants do not seek reimbursement for the original depositions, which West paid for since she noticed the depositions, or for corresponding mini-transcripts and electronic copies. Given that West does not object to Defendants' costs for copies of depositions of Defendants' employees, agents, and expert witnesses, West must reimburse Defendants for those costs.

Defendants have demonstrated that they necessarily obtained the copies for use in the case. During pretrial, Defendants needed copies of the experts' depositions to address challenges against the admissibility of expert testimony. Furthermore, all of the Defendants, Defendants' employees and agents, and expert witnesses at issue testified at trial with the exception of Harry Elam. (Elam did not testify only because Defendants did not have sufficient time to call him.) Thus, Defendants needed the deposition copies of these individuals to address issues at trial regarding the admissibility of their experts' testimony.

Defendants also claim costs for deposition copies of Donna West, Doug West, Tiffany McAdoo, and West's experts Scott Barnes and Connie Whitt-Lambert. West does not state an objection to these costs. Accordingly, West must pay Defendants' costs for these deposition copies.

Third, West objects to the charge of $150.55 for a copy of the November 4, 2008 *voir dire* examination transcript on the grounds that Defendants did not necessarily obtain this transcript for use in the case. Defendants respond that they needed the copy of the *voir dire* transcript to be ready

5

for any challenges to jurors during trial.

Defendants' reason for requesting the copy of the *voir dire* transcript is tenuous. Defendants do not offer any explanation as to why they believed that the parties would challenge any of the jurors during trial. Thus, Defendants have not demonstrated their need for a copy of the *voir dire* transcript. Accordingly, Defendants may not recover for the copy of the *voir dire* transcript.

Fourth, West objects to the charge of $1,842.00 for transcripts of the pretrial proceedings held on October 22 and November 19, 2008 on the grounds that Defendants did not necessarily obtain the transcripts for use in the case. West argues that the Court entered an order after each pretrial conference and a minute entry that adequately summarized the issues and each side's position. In light of this, West concludes that Defendants did not need the pretrial transcripts. Defendants respond that they needed the transcripts because of the magnitude of the pretrial motions that included 40 motions *in limine* and challenges to hundreds of proposed trial exhibits and witnesses. Defendants argue that minute orders could not replace a transcript for such a large quantity of motions. Defendants also argue that they needed the pretrial transcripts because the Court deferred ruling until trial or tentatively ruled on several issues, and Defendants needed to reference the transcripts to address these issues.

Defendants needed the pretrial transcripts because of the quantity and complexity of the pretrial motions. The pretrial proceedings spanned the course of two sessions and addressed an inordinate number of motions and challenges, including 40 motions *in limine*. During these proceedings, the parties engaged in drawn out and highly involved discussions. Such discussions could not be adequately captured by minute entries. Furthermore, the Court deferred several rulings until trial. Thus, Defendants needed to have the pretrial transcripts to reference the parties'

arguments and the Court's comments at the pretrial hearing for presentation at trial. Accordingly, Defendants needed the pretrial transcripts for use in the case, and West must pay Defendants' costs for the pretrial transcripts.

Fifth, West objects to the charge of $18,218.00 for daily transcripts of the five days of trial and the charge for expedited delivery of these transcripts on the grounds that Defendants did not necessarily obtain the daily transcripts for use in the case and that Defendants did not need expedited delivery. Defendants respond that they needed the trial transcripts to address West's motion for new trial. Defendants also argue that they needed the trial transcripts during trial for reference so that they could avoid repeating points they already made and assure that they offered all of the elements of their defense into evidence. In light of Defendants' alleged trial use of the transcripts, Defendants state that they needed expedited processing of the trial transcripts because the transcripts would otherwise not be processed in time for use at trial.

Defendants needed the daily transcripts to address West's motion for new trial and for reference during trial. In West's motion for new trial, West raised various trial events including opening and closing statements, testimony throughout the proceedings, and discussions with the Court. These events spanned the entire trial. *See* West Motion for New Trial, Docket No. 180. Thus, Defendants needed the trial transcripts to address the issues West raised in her motion for new trial. Also, Defendants needed the trial transcripts for continuous reference throughout trial. During trial, Defendants needed to reference past trial events to properly build their case, prepare motions for judgment as a matter of law, and to prepare closing arguments. Furthermore, in order for the parties to timely receive the trial transcripts for use at trial, the trial transcripts required expedited processing. In light of the need for the trial transcripts and expedited processing, West must pay

7

Defendants' costs for the trial transcripts and expedited processing of those transcripts.

**2. Witness Fees**

West objects to Defendants' claim of $258.74 for checks Defendants issued to Tiffany McAdoo, Doug West, and West's expert witnesses Scott Barnes and Connie Whitt-Lambert. West objects on the grounds that West controlled the above individuals and Defendants did not incur any subpoena or witness fees and that the above individuals have not yet cashed the issued checks. Defendants respond that if West's counsel represents that the checks will be returned to Defendants' counsel uncashed, the issue will be moot.

Based on West's assertions that there were not any fees to justify the payment of $258.74 and that the recipients of the checks have not yet cashed them, the parties do not dispute that the checks totaling $258.74 should be returned to Defendants. West either must pay Defendants the $258.74 reimbursement or return Defendants' checks issued to the above individuals.

**3. Fees for exemplification and copies**

First, Defendants claim $695.30 for obtaining certified copies of West's 2006 Copyright Registration in the play *Fantasy of a Black Woman* and of the copy of the play deposited at the Copyright Office. West contends that West's copyright did not have any relevance in the case. West also asserts that West gave Defendants a copy of her registration as an attachment to her complaint. Thus, West argues that Defendants did not need to obtain West's registration from the Copyright Office. Defendants respond that West only attached an uncertified copy of *Fantasy of a Black Woman* and did not provide a copy of the script that West deposited at the Copyright Office. Defendants argue that they needed a certified version of West's play because they sought to present issues concerning certification and authentication of West's play.

8

Defendants needed to obtain a certified version of West's registration and play to verify the authenticity of West's registration. Defendants had a theory that the version of West's play that West submitted to the Copyright Office did not match the copy West attached to her complaint. *See* TT 12/02/08 pm 146-156; *see* Defs.' Resp. to Pl.'s Mot. For New Trial 19-21. In order to test this theory, Defendants needed to obtain a certified copy of West's registration and play. Defendants in fact found that the version of West's play that West attached to her complaint stated the author as "Author/Donna West" while the version that West submitted to the Copyright Office and admitted at trial stated the author as "Donna L. West." *See* Defs.' Resp. to Pl.'s Mot. For New Trial 19-21. Accordingly, West needed to obtain a certified copy of West's registration to assess the version of West's play that West attached to her complaint, and West must pay Defendants' costs for obtaining this certified copy.

Second, West objects to Defendants' claim of $691.15 for the cost of certified copies of Tyler Perry's copyright registration in his screenplay and the deposit copy of *Diary of a Mad Black Woman* on the grounds that the certified copies were not relevant and therefore not necessary. West argues that the certified copies lack relevance because the Court established that Perry's registrations were not relevant to the issues of the case. Defendants respond that they needed the certified copies because an issue at trial and in West's motion for new trial was whether Perry deposited a copy of his *Diary of a Mad Black Woman* screenplay with the Copyright Office.

Defendants did not need certified copies of Perry's copyright registrations. Defendants cite to points at trial and to West's motion for new trial and argue that an issue arose as to whether Perry deposited a copy of his *Diary of a Mad Black Woman* script with the Copyright Office. However, this issue did not arise at trial or in West's motion for new trial. Instead, the issue that Defendants

9

refer to is whether Defendants' Exhibit 521 is an original or just a copy of the original script of *Diary of a Mad Black Woman*. *See* Pl.'s Mot. for New Trial 12-15; *see* Defs.' Resp. to Pl.'s Mot. for New Trial 8-9; Trial Transcript ("TT") at 12/04/08 25:1-5; 12/09/08 139-40; 12/03/08 211:15-212:1; 12/09/08 4-8. In fact, the Court did not allow any discussion before the jury about Perry's copyrights because such evidence was not probative to whether Perry copied West's work. TT at 12/02/08 am 19:18-20:5; Mot. *in Limine* Order 4-5, Docket No. 146. Because Perry's copyrights were not probative, Perry could not have obtained his copyrights for necessary use in this case. Also, Defendants did not assert Perry's registration in its response to West's motion for new trial. Accordingly, West is not required to pay costs for the certified copies of Perry's copyright registrations.

Third, West objects that Defendants seek exorbitant costs for scanning and for extra copies of trial exhibits not necessary to the case and that the costs are excessive. West asserts that she would agree to a reasonable cost for such scanning and copying. Defendants respond that they necessarily incurred their costs for scanning and extra copies of trial exhibits to conduct the trial. Defendants state these costs are not excessive as charged at a rate of $0.15 per page for black and white copies and $0.99 per page for color copies.

The rates of $0.15 per page for black and white copies and $0.99 per page for color copies are not exorbitant on their face. Furthermore, West has not stated any reasons for why these costs are exorbitant. While West mentions that she would agree to a reasonable cost for the copies, she does not state what she would deem a reasonable cost. Accordingly, West must pay for the costs for scanning and copies of trial exhibits at a rate of $0.15 per page for black and white copies and $0.99 per page for color copies.

Fourth, West objects that Defendants seek costs for Defendants' courtroom exhibits, demonstratives, and duplicates that were exorbitant and not approved by the Court in advance on the grounds that they were not necessary and are excessive. West asserts that the Court denied many of these exhibits and demonstratives because they were offered late, sought to introduce new testimony, were denied by Judge John Love at the pretrial hearing, or were otherwise inappropriate. Defendants respond that they necessarily incurred costs for their demonstratives because the demonstratives had to be prepared to show to opposing counsel in advance of the demonstratives admission, whether admissible or not; courtroom exhibits are necessary to the trial, and Defendants are required to furnish a copy of courtroom exhibits to opposing counsel.

The parties address the costs for exhibits, demonstratives, and duplicates without detailing the issues regarding any particular exhibits. The Court cannot adequately address the costs without such details. Thus, the Court requires that the parties meet and confer to resolve costs on the exhibits, demonstratives, and duplicates at issue.

Finally, West requests that the Court deny costs, or alternatively substantially reduce costs, due to West's inability to pay the costs. West asserts that she has not been gainfully employed since 1997 due to a medical condition. While West explained a medical condition at trial, TT 12/02/08 am 88:20-89:23, West does not offer any proof of her financial status. Also, West does not cite to any Fifth Circuit cases that support her argument. Accordingly, West must pay costs as detailed in this memorandum opinion and order.

## CONCLUSION

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' claims for costs. The Court **ORDERS** the parties to meet and confer as detailed above and are urged to

work diligently to resolve these matters without further Court intervention.

**So ORDERED and SIGNED this 23rd day of July, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**